UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRISTEN LAUES and
WILLIE M. GHOLSTON,

       Plaintiffs,

                                      Civil Case No. 14-10845
v.                                    Honorable Linda V. Parker

BANK OF AMERICA, N.A. and
BLANK ROME LLP,

       Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFFS' "OBJECTION" TO THE COURT'S NOVEMBER 26, 2014 OPINION AND ORDER**

      On February 24, 2014, Plaintiffs Kristen Laues ("Ms. Laues") and Willie M. Gholston ("Ms. Gholston") (collectively "Plaintiffs") filed this lawsuit against Defendants, challenging Defendants' actions in relation to their attempt to collect funds from Ms. Gholston allegedly due on a mortgage loan.  Defendants thereafter filed motions to dismiss, which this Court granted in an opinion and order entered November 26, 2014.  (ECF No. 44.)  On December 9, 2014, Plaintiffs filed an "objection" to the Court's decision (ECF No. 46), which this Court will treat as a motion for reconsideration pursuant to Eastern District of Michigan Local Rule 7.1(h)

      Pursuant to Rule 7.1, a motion for reconsideration will not be granted unless

the movant demonstrates a palpable defect, the correction of which will result in a different disposition of the case. E.D. Mich. LR 7.1(h)(3). Palpable defects are those which are "obvious, clear, unmistakable, manifest or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002). "It is an exception to the norm for the Court to grant a motion for reconsideration." *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010). "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998)). In fact, Local Rule 7.1 provides that "[g]enerally . . . the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3).

Plaintiffs assert most of the same arguments in their objection that they raised previously in response to Defendants' motions to dismiss or other previously filed pleadings (such as, Plaintiffs' motion for sanctions). To the extent Plaintiffs assert new arguments, they are frivolous.

Accordingly,

**IT IS ORDERED**, that Plaintiffs' "Objection" to this Court's November 26, 2014 decision is **DENIED**.

S/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: April 16, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 16, 2015, by electronic and/or U.S. First Class mail.

S/ Richard Loury
Case Manager
